# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DOUGLAS GUNNINK, JANET GUNNINK, RAYMOND YOKIEL, as the Trustee for the PRAIRIE'S EDGE TRUST, and RACHEL FRAUENDIENST,<br><br>        Defendants. | CIVIL NO. 12-1528 (MJD/TNL)<br><br>REPORT AND RECOMMENDATION |

Bahram Samie, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis MN 55415; and Mark C. Milton, United States Department of Justice, Tax Division, P.O. Box 7238, Washington, D.C. 20004, for Plaintiff.

Douglas Gunnink, Gaylord, MN, *pro se* Defendant.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Douglas John Gunnink's Motion to Dismiss (ECF No. 50). On August 13, 2013, the Court heard oral argument on the Government's Motion. Bahram Samie appeared for the Government, and Mr. Gunnink appeared *pro se*.[1]

On June 25, 2013, Mr. Gunnink filed a Motion to Dismiss, requesting the Court to issue an order to show cause (1) why Mark C. Milton, the Goevrnment's counsel of record, should not be held in contempt; and (2) why the instant case should not be

---

[1] The Court notes that Mr. Gunnink refused to sit at the party/counsel table or to enter the courtroom well. Instead, he addressed the Court from the gallery.

dismissed for failing to state a claim upon which relief can be granted. (ECF No. 50.) The Government filed the instant Motion on July 3, 2013, requesting an order compelling Mr. Gunnink to respond to the Government's document requests. (ECF No. 54.) On July 16, Mr. Gunnink filed a "Notice of Affidavit and Request to Table Motion to Dismiss," requesting that his Motion to Dismiss "be postponed or tabled." (ECF No. 61.)

The Court recognizes that Mr. Gunnink is representing himself *pro se* in this matter, and accordingly the Court will construe his filings liberally. To the extent his filings are not crafted with legal precision, the Federal Rules of Civil Procedure display a clear preference for construing a filing so as to do justice. *See, e.g.*, Fed. R. Civ. P. 8(c)(2), (e). Based on his own filings, it appears to this Court that Mr. Gunnink wishes to withdraw his Motion to Dismiss the Complaint, but pursue his request for sanctions against the Government's counsel.[2] Therefore, the Court determines that, to the extent that it seeks dismissal of the Complaint, Mr. Gunnink's Motion should be denied as moot.

---

[2] The Court will address in a separate Order the portion of Mr. Gunnink's Motion that seeks sanctions against the Government's counsel.

Accordingly, based on all the files, records and procedures herein, **IT IS HEREBY RECOMMENDED** that to the extent it requests the Complaint be dismissed, Mr. Gunnink's Motion (ECF No. 50) be **DENIED AS MOOT.**

Dated:  August 19, 2013

s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*United States of America v. Douglas Gunnink, et al.*
File No. 12-cv-1528 (MJD/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **September 3, 2013**.