UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOUGLAS GUNNINK, JANET
GUNNINK, RAYMOND YOKIEL, as the
Trustee for the PRAIRIE'S EDGE TRUST,
and RACHEL FRAUENDIENST,

    Defendants.

CIVIL NO. 12-1528 (MJD/TNL)

REPORT & RECOMMENDATION

        Mark C. Milton, **United States Department of Justice, Tax Division**, P.O. Box 7238, Washington, D.C. 20044, for Plaintiff.

        Douglas Gunnink, c/o Benton Hall, 3546 East Presidio Circle, Mesa, AZ 85213, *pro se*.

        This matter is before the Court, Magistrate Judge Tony N. Leung, on the United States of America's Motion to Hold Douglas Gunnink in Civil Contempt (ECF No. 79). The Court heard oral argument on the Government's Motion on December 2, 2013. (*See* ECF No. 107.) Mark C. Milton appeared on behalf of the Government. Defendant Douglas Gunnink ("Defendant Gunnink")[1] made no appearance. For the reasons that follow, the Court will recommend granting the Government's motion.

---

[1] For purposes of the instant motion, the Court's use of "Defendant Gunnink" will refer only to Defendant Douglas J. Gunnink and not to Defendant Janet Gunnink.

I.   **FINDINGS OF FACT**

The Government brought this tax-collection action against Defendants under 26 U.S.C. § 7403, seeking to reduce federal tax assessments against Defendant Gunnink to judgment and foreclose federal tax liens encumbering real property in Sibley County, Minnesota. (*See* ECF No. 1.) The Government filed its complaint on June 26, 2012. (*Id.*)

The Court issued a Pretrial Scheduling Order setting forth the schedule for discovery and motion practice in this matter on January 30, 2013. (ECF No. 39.)

On March 4, 2013, the Government moved to compel Defendant Gunnink to sit for deposition and for sanctions. (ECF No. 40.) After hearing oral argument on March 19, 2013, the Court granted the Government's motion and ordered Defendant Gunnink to sit for deposition. (ECF No. 48.) After careful consideration, the Court denied the Government's requests for sanctions. (ECF No. 49.) In doing so, the Court warned Defendant Gunnink "that any future failure to engage in meaningful discovery as contemplated by the Federal Rules of Civil Procedure shall be met with a sterner countenance." (*Id.* at 2.)

On May 22, 2013, the Government sent Defendant Gunnink the United States' First Request for Product of Documents. (Milton Decl. ¶ 3, Ex. A, ECF No. 57.) Defendant Gunnink acknowledged his receipt of these requests. (*See* Decl. of Fact, Ex. B, ECF No. 51-2.) Under Federal Rules of Civil Procedure 34(b) and 6(d), Defendant Gunnink's written responses were due by June 24, 2013.

On July 3, 2013, the Government moved to compel Defendant Gunnink to provide responses to discovery requests. (ECF No. 54.) The Court held a hearing on the

Government's motion on August 13, 2013. (ECF No. 64.) Defendant Gunnink appeared at the hearing. (*See id.*) On August 19, 2013, the Court granted the Government's motion and ordered Defendant Gunnink to "provide a meaningful response to the Government's Request for Production of Documents within 20 days" of its order. (ECF No. 67 at 4.)

In its order, the Court gave Defendant Gunnink the following warning:

> This is not the first time that Mr. Gunnink has resisted the Government's legitimate discovery request. *See* Mins., Mar. 19, 2013 (ECF No. 48). Mr. Gunnink's status as a *pro se* litigant does not excuse him "from complying with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986); *see also* Fed. R. Civ. P. 11(b). Indeed, Mr. Gunnink was warned by this court that "any future failure to engage in meaningful discovery as contemplated by the Federal Rules of Civil Procedure shall be met with a sterner countenance." Order, Apr. 22, 2013, at 3 (ECF No. 49). Mr. Gunnink's actions in the present case give this Court pause, as they appear to betray a disregard for the Court and the judicial process. This Order should serve as yet another warning to Mr. Gunnink that he needs to comply with all applicable laws, rules and court orders, including without limitation, meaningful discovery as contemplated by the Federal Rules.
> . . .
> Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party . . . to any and all appropriate remedies, sanctions and the like, including without limitation: a finding of contempt and any resulting sanctions; assessment of costs, fines and attorneys' fees and disbursements; . . . entry of whole or partial default judgment; and/r or any other relief that this Court may from time to time deem appropriate.

(*Id.* at 3-4, 5.)

On September 19, 2013, the Government's counsel asked Defendant Gunnink whether he intended to comply with this Court's order and produce responses to the

3

Government's discovery requests. (*See* ECF No. 82.) Defendant Gunnink responded that he was "waiting for proof of delegation of authority" because the Government's attorney had no authority to administer the private estate. (*Id.*)

On September 29, 2013, the Government filed the instant motion, seeking an order holding Defendant Gunnink in civil contempt for failing to comply with this Court's August 19, 2013 order. (ECF No. 79.) The Government served Defendant Gunnink with a copy of its motion. (*See* ECF No. 84.) The hearing on this motion was originally scheduled to occur on October 16, 2013. (*See* ECF No. 83.) This matter was stayed, however, due to the Government shutdown in early October 2013. (*See* ECF No. 92.) After the Government resumed operations, the hearing was rescheduled for December 2, 2013. (*See* ECF No. 94.) The Government served Defendant with a copy of the Amended Notice of Hearing. (*See id.*) Defendant Gunnink did not appear at the December 2, 2013 hearing. At the hearing, the Court granted the Government's motion to the extent that it would recommend to the Honorable Michael J. Davis, Chief District Judge for the United States District Court for the District of Minnesota, that Defendant Gunnink be found in civil contempt. Following the hearing, counsel for the Government submitted an affidavit detailing the attorney's fees and expenses incurred as a result of Defendant Gunnink's non-compliance. (ECF No. 104.)

## II.   DISCUSSION

"[I]t is firmly established that the power to punish for contempt[] is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 636(e)(1) ("A United States magistrate

4

judge . . . shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection."); *Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) ("In a proceeding before a magistrate judge, disobedience of a lawful order shall constitute a contempt of the district court for the district wherein the magistrate is sitting.") (citing 28 U.S.C. § 636(e)). "Although magistrate judges do not themselves have contempt power, they may certify any contemptuous acts or conduct to a district judge, who may then adjudge that person or party in contempt 'by reason of the facts so certified.'" *Id.* (citing 28 U.S.C. § 636(e)).

"The court may hold a party violating a discovery order in contempt of court." *Edeh v. Carruthers*, Civ. No. 10-2860, 2011 WL 4808194, at *2 (D. Minn. Sept. 20, 2011). "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chicago Truck Drivers*, 207 F.3d at 504 (citing *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947)). "Before a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." *Hazen v. Reagan*, 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted). An overarching goal of the court's contempt power "is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers*, 207 F.3d at 504 (citing *United Mine Workers*, 330 U.S. at 290 n.56).

A party seeking civil contempt must prove by clear and convincing evidence "that the alleged contemnors violated a court order." *Chicago Truck Drivers*, 207 F.3d at 505 (citation omitted). If the movant produces clear and convincing evidence, "the burden . . . shift[s] to the [alleged contemnors] to show an inability to comply." *Id.* (citation omitted). "A mere assertion of 'present inability' is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why 'categorically and in detail;' (2) that their inability to comply was not 'self-induced;' and (3) that they made 'in good faith all reasonable efforts to comply'" *Edeh*, 2011 WL 4808194, at *3 (quoting *Chicago Truck Drivers*, 207 F.3d at 506).

Defendant Gunnink has adamantly refused to comply with written discovery as requested by the Government and ordered by this Court. He made no attempt to comply with this Court's order to provide written discovery responses to the Government's requests. This Court's order compelling Defendant Gunnink to respond to the Government's discovery requests was clear and unambiguous. Defendant Gunnink made no appearance at the duly-noticed hearing for the Government's motion. Defendant Gunnink has not argued that he was unable to comply with the order, and no evidence before this Court that supports a finding of present inability. Defendant Gunnink should be found in civil contempt.

"When imposing a civil contempt sanction, the following four factors must be assessed: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may

impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Edeh*, 2011 WL 4808194, at *3.

The first factor to consider is the harm to the Government caused by Defendant Gunnink's refusal to comply with this Court's order. Defendant Gunnink's open defiance of this Court's order affects only this single tax-collection proceeding. As such, the magnitude of any resulting harm might appear relatively minor. Through this action, however, the Government seeks recovery of over $3.8 million in tax assessments, penalties and interest. Defendant Gunnink has sole possession of any documentary evidence that is responsive to the Government's legitimate tax-collection efforts. Withholding of such documents is therefore highly damaging.

The second factor to consider is the probable effectiveness of the sanction in bringing about compliance. Admittedly, the likelihood that civil contempt will suddenly cause Defendant Gunnink to comply with this Court's discovery order is low. Defendant Gunnink's filings and representations to the Court repeatedly call into question the Court's authority to hear the dispute and the Government's authority to collect any taxes from him.[2] (*See*, *e.g.*, ECF Nos. 2, 7, 8, 15, 17, 20, 45, 49-52, 62, 67, 77.) Any court-imposed sanctions are not likely to be effective to bring about compliance from a litigant who denies the court's ability to issue such sanctions.

---

[2] The Court has carefully reviewed every argument, filing and representation that Defendant Gunnink's has put forth. The Court is mindful, however, that his "arguments are reminiscent of tax-protester rhetoric that has been universally rejected by [the tax court] and other courts, and will not painstakingly address each of [his] claims with somber reasoning and copious citation of precedent [because] to do so might suggest that these arguments have some colorable merit." *Philippi v. Brellenthin*, Civ. No. 11-2389 (JRT/LIB), 2012 WL 947016, at *2 (D. Minn. Jan. 26, 2012) (citing *Williams v. Comm'r*, 114 T.C. 136, 138-39 (U.S. Tax Ct. 2000); *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984)).

The third factor to consider is the financial resources of the contemnor and the burden the sanctions may impose. There is no evidence in the record of Defendant Gunnink's financial resources. The Amended Complaint asserts that he earns his living as an organic farmer, selling organic seed and raising cattle. (ECF No. 14 at 2.)

The fourth factor to consider is Defendant Gunnink's willfulness in disregarding the Court's order. The record demonstrates that Defendant Gunnink was personally aware of the order requiring him to comply with the Government's document requests. (*See* Milton Decl., ECF No. 82.) Defendant Gunnink's filings and representations to this Court further demonstrate a deep-seated disdain toward, and non-cognition of, the authority of this Court and the United States government as a whole. Defendant Gunnink "continues to flout the Court's order[] by refusing to comply." *Edeh*, 2011 WL 4808194, at *4.

Based upon the foregoing, the Court concludes that a modest fine against Defendant for failing to comply with the Court's discovery order is the appropriate contempt sanction. When treating as contempt of court a party's failure to obey an order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(b)(2)(C). After reviewing the Government's affidavit of costs and expenses, and taking into account the analysis as set forth above, the Court determines that $1,316.37 is a reasonable and appropriate contempt sanction.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Douglas J. Gunnink be found in contempt of court until such time Defendant Douglas J. Gunnink purges the contempt by:

    a. paying the contempt sanction enumerated below; and
    b. complying with this Court's August 19, 2013 order compelling discovery responses; and

2. Defendant Douglas J. Gunnink Defendant be directed to pay the Clerk of Court $1,317.36 to the Government in reasonable costs and attorney's fees.

Date:  December 12, 2013            s/ Tony N. Leung
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    District of Minnesota

                                    *United States of America v. Gunnink et al.*
                                    File No. 12-cv-1528 (MJD/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all [parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of appeals. Written objections must be filed with the Court on or before **December 27, 2013**.