## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-cv-1528 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DOUGLAS GUNNINK, JANET GUNNINK, RAYMOND G. YOKIEL, *as the trustee for the Prairie's Edge Trust*, RACHEL FRAUENDIENST, DARREL FRAUENDIENST, ERIN SWENSON, CORY SWENSON, | |
| Defendants. | |

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Douglas Gunnink's "Expedited Motion for Household Goods and Heirlooms," (ECF No. 155), and non-party Zachery Gunnink's "Expedited Motion for Equipment and Property of Zachery John Gunnink," (ECF No. 153). These motions have been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (ECF No. 158). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the motions be denied.

## I.    BACKGROUND

On June 26, 2012, Plaintiff United States of America ("the Government") brought suit to reduce federal tax assessments to judgment and foreclose federal tax liens.

(Compl. , at 1, ECF No. 1). The Government asserted tax assessments and penalties against Defendant Douglas Gunnink from 1996, 1997, 2003–2008, and 2011 totaling $3,876,821.21. (Compl., at 2–3). The Government sought to foreclose federal tax liens against 160 acres of farmland held by Douglas Gunnink in Gaylord, Minnesota. (Compl., at 3–5).

On January 23, 2015, this Court recommended granting summary judgment to the Government. (R&R, ECF No. 135). In so granting summary judgment, the Government would sell, *inter alia*, the farmland held by Douglas Gunnink in Gaylord, Minnesota (hereinafter "the Gaylord farm") to satisfy the federal tax liens. (R&R, at 28–29). No objections were filed and the District Court adopted the Report and Recommendation. (ECF No. 139). Thus, judgment was entered in favor of the Government "against Douglas Gunnink in the amount of $4,300,192.96. The federal tax liens shall be foreclosed upon the real property as set forth in a separate Order of Sale." (ECF Nos. 145–46). An Order of Sale was issued June 1, 2015. (ECF No. 149). In the Order of Sale, all persons occupying the property to be foreclosed were to

> vacate the properties permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to vacate the properties by the date specified in this order of sale, the [Internal Revenue Service Property Appraisal and Liquidation Specialists] is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected or excluded. The U.S. Marshals Service is authorized to and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict

from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

Any personal property remaining on the properties 30 days after the date of this order of sale is deemed forfeited and abandoned, and the [Internal Revenue Service Property Appraisal and Liquidation Specialists] is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution. . . . This order of sale shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be required for these purposes.

(Order of Sale ¶ 7, ECF No. 149).

On June 15, 2016, the U.S. Marshal Service and a local sheriff personally served copies of the Order of Sale and an eviction notice on Janet Gunnink, and left two additional copies at the Gaylord farm. (Decl. of Sara J. Wright ¶¶ 4–5, ECF No. 160). The eviction letter informed the Gunninks and anyone else residing at the Gaylord farm that they were to vacate by July 31, 2016. (Decl. of Sara J. Wright ¶ 4, Ex. 1). Douglas Gunnink returned a copy of the notice with handwriting that read: "Return to sender! Refused for cause. Wrong identification + location." (Decl. of Sara J. Wright ¶ 5, Ex. 3). Douglas Gunnink signed the returned letter. (Decl. of Sara J. Wright ¶ 5, Ex. 3).

On October 4, 2016 various IRS employees, IRS Special Agents, and U.S. Marshals took possession of the Gaylord farm and evicted the occupants. (Decl. of Sara J. Wright ¶ 6). Personal property remaining on the Gaylord farm was seized and secured. (Decl. of Sara J. Wright ¶ 6). Zachery Gunnink, Douglas Gunnink's son, was permitted to remove from the Gaylord farm a vehicle for which he possessed an apparently valid title. (Decl. of Sara J. Wright ¶ 7). Janet Gunnink was permitted to remove some personal

property. (Decl. of Sara J. Wright ¶ 7). Zachery Gunnink was informed he will be permitted to remove personal property from the Gaylord farm on November 29, 2016 from 9:00 a.m. to 11:00 a.m. (Decl. of Sara J. Wright ¶ 8). Douglas and Janet Gunnink have not been informed yet because the IRS does not have their current contact address. (Decl. of Sara J. Wright ¶ 8). Douglas Gunnink was apparently arrested in the process of the eviction.

The same day of the eviction, Douglas Gunnink appeared before the Honorable Hildy Bowbeer, United States Magistrate Judge for the District of Minnesota, following an arrest for contempt of court. (ECF No. 150). The following day, Douglas Gunnink appeared for a status conference with the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, with the Court noting that the Government had not moved for a contempt order, rendering unnecessary further proceedings given that Douglas Gunnink had now vacated the Gaylord farm. (ECF No. 151).

On October 20, 2016, Douglas Gunnink and Zachery Gunninck[1] filed motions seeking various personal property remaining on the Gaylord farm. Douglas Gunnink filed his "Expedited Motion for Household Goods and Heirlooms," (ECF No. 155), requesting to return to the Gaylord farm in order to obtain personal property, including various tools, furniture, kitchen and household appliances and goods, and furniture. Zachery Gunnink filed his "Expedited Motion for Equipment and Property of Zachery John Gunnink," (ECF No. 153; *see* ECF No. 154), asserting property he owns is located on the Gaylord

---

[1] Zachery Gunnink is not a party to this action, but he is no stranger to the case. *See* ECF Nos. 72, 74 (moving to compel discovery from Zachery Gunnink after he refused to take an oath or provide any responsive answers at a deposition).

farm. Zachery Gunnink asserts that Douglas and Janet Gunnink have no right, title, or interest in the property, so the IRS cannot seize it. Zachery Gunnink's attached list of property details mostly farming vehicles and equipment. Zachery Gunnink seeks to remove his personal property from the Gaylord farm.

The Government responded on October 27, 2016. (Gov't's Resp. to Mots., ECF No. 159). The Government indicated that the IRS seized the Gaylord farm on October 4, 2016 pursuant to the Order of Sale and that any personal property remaining was forfeited and abandoned. The IRS has "established a time on November 29, 2016 for the Gunninks to remove personal property that remains on [the Gaylord farm] that has not been sold or otherwise disposed of by the IRS pursuant to the Order of Sale." (Gov't's Resp. to Mots., at 1). The Government notes, in a footnote, that the November 29 date does not mean that the Gunninks will be permitted to remove all of the personal property referred to in their motions, especially given that most or all of the farming equipment will be sold as forfeited or abandoned property. (Gov't's Resp. to Mots., at 5 n.2).

## II.   ANALYSIS

On January 23, 2015, this Court recommended granting summary judgment to the Government whereby the Government would sell, *inter alia*, the Gaylord farm to satisfy the federal tax liens. (R&R, at 28–29). No objections were filed. Thus, on March 11, 2015, the District Court adopted the Report and Recommendation, (ECF No. 139), and entered judgment in favor of the Government "against Douglas Gunnink in the amount of $4,300,192.96. The federal tax liens shall be foreclosed upon the real property as set forth in a separate Order of Sale." (ECF Nos. 145–46; *see* ECF No. 140, 143–44). No appeal or

any motion whatsoever was made challenging that order. An Order of Sale was issued June 1, 2015. (ECF No. 149). As noted above, the Order of Sale required the Gunninks to vacate the property and that any personal property left behind would be deemed forfeited and abandoned. (Order of Sale ¶ 7). No appeal or any motion whatsoever was made challenging the Order of Sale.

Congress vested in the district courts "jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. District courts have the right to order the sale of property encumbered by a tax lien, 26 U.S.C. § 7403(c), and "to render such judgments and decrees as may be necessary or appropriate" to complete that sale, *id.* § 7402(a). While the Gunninks have not challenged the validity of the Order of Sale, no defect is apparent. As noted on the judgment form, Federal Rule of Appellate Procedure 4 requires appeals must be filed within 60 days after entry of judgment. Fed. R. App. P. 4(a)(1)(B); (*see* ECF Nos. 140, 146). The Gunninks did not appeal the order finding valid tax liens or the Order of Sale. Thus, the Court concludes the Order of Sale is a valid, enforceable, and final order.

As was clearly stated in the Order of Sale, the Gaylord farm was to be vacated within 30 days and each person was to take with them his or her personal property. (Order of Sale ¶ 7). If a person did not take their personal property, the personal property remaining on the Gaylord farm would be "deemed forfeited and abandoned, and the [IRS Property Appraisal and Liquidation Specialists] is authorized to dispose of it in any manner they see fit, including sale . . . ." (Order of Sale ¶ 7). The IRS gave the Gunninks more than the 30 days required by the Order of Sale; in fact, the Gunninks were afforded

over one year before the IRS evicted them. Even when the IRS noticed eviction, the Gunninks were allowed approximately one and one half months to vacate the Gaylord farm. The personal property remaining on the Gaylord farm is now property of the IRS, "to dispose of . . . in any manner they see fit." (Order of Sale ¶ 7). Thus, Douglas Gunnink's "Expedited Motion for Household Goods and Heirlooms," (ECF No. 155) and non-party Zachery Gunnink's "Expedited Motion for Equipment and Property of Zachery John Gunnink," (ECF No. 153), should be denied.

The IRS is not required to provide any relief to Douglas and Zachery Gunnink, but has indicated it will allow them to return to the Gaylord farm on November 29, 2016 to remove any personal property remaining after sales or disposition pursuant to the Order of Sale. Zachery Gunnink should be prepared to demonstrate valid ownership of any remaining personal property he requests. The Court also expects the IRS and the Gunninks to coordinate prior to November 29, 2016 to ensure that the removal of any remaining personal property is efficient and effective.[2]

[Continued on next page.]

---

[2] This may also include extending the time period beyond the two-hour time slot currently scheduled.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Douglas Gunnink's "Expedited Motion for Household Goods and Heirlooms," (ECF No. 155), be **DENIED**.

2. Non-party Zachery Gunnink's "Expedited Motion for Equipment and Property of Zachery John Gunnink," (ECF No. 153). be **DENIED**.

Date:  November 7, 2016                    *s/ Tony N. Leung*
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

                                   *United States v. Douglas Gunnink et al.*
                                   Case No. 12-cv-1528 (MJD/TNL)

## <u>NOTICE</u>

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.